UNITED STATES, Appellee

v

ROBERT A. THOMPSON, Sergeant, U. S. Army, Appellant

22 USCMA 3, 46 CMR 3

No. 25,700

October 6, 1972

Colonel *Arnold I. Melnick*, Captain *Barry K. Duwe*, Captain *Leland M. Stenehjem, Jr.*, were on the pleadings for Appellant, Accused.

Lieutenant Colonel *Ronald M. Holdaway*, Captain *Richard L. Menson*, Captain *Merle F. Wilberding*, and Captain *John P. Pinkerton* were on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

In United States v White, 21 USCMA 583, 589, 45 CMR 357 (1972), it was held:

". . . The enlisted membership of this court could have been validly appointed *only* if the accused had personally requested their presence in writing. Since he did not, the convening authority was without statutory authority to designate them as members. In such circumstances, the court was without jurisdiction to proceed."

The identical situation is reflected by the record of trial in the instant case, and we granted the accused's petition for review prior to the decision in United States v White, supra, to consider that issue, and another not now material.

Appellate Government counsel concede that the decision in *White* is dispositive and moves the Court to set aside the findings and sentence, and return the case for another trial.

Appellate defense counsel agree that the findings and sentence must be set aside, but argue that the Charge should be dismissed. However, we find no adequate basis for the exercise of our discretion by the issuance of such an order. Since the findings and sentence are a nullity, they are set aside and the case is remanded to the Judge Advocate General of the Army for action not inconsistent with this opinion.